Anthony M. Keats (Bar No. 123672)
E-Mail: akeats@kmwlaw.com
Konrad K. Gatien (Bar No. 221770)
E-Mail: kgatien@kmwlaw.com
Christopher T. Varas (Bar No. 257080)
E-Mail: cvaras@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California  90212
Telephone:  (310) 248-3830
Facsimile:  (310) 860-0363

Attorneys for Plaintiffs
MANTRA FILMS, INC., and
GGW MARKETING, LLC

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MANTRA FILMS, INC., an Oklahoma corporation, and GGW MARKETING, LLC, a Delaware corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>OASYS MOBILE, INC. d/b/a &lt;girls-gone-mobile.com&gt;, et al.,<br><br>                    Defendants. | **CASE NO. CV 09-4420 SJO (PLAx)**<br><br>Discovery Matter<br>Assigned for all purposes to the Hon. Paul L. Abrams<br><br>**STIPULATED PROTECTIVE ORDER** |

1    Counsel for plaintiffs, MANTRA FILMS, INC. and GGW MARKETING, LLC
2    ("Plaintiffs") and defendants OASYS MOBILE, INC. d/b/a <girls-gone-mobile.com>
3    ("Oasys"); MANDALAY MEDIA, INC. ("Mandalay"); TWISTBOX
4    ENTERTAINMENT, INC. ("Twistbox"); WAAT MEDIA CORP., a Delaware
5    corporation f/k/a WAAT MEDIA, INC. d/b/a THE WAAT MEDIA CORPORATION
6    and WAAT MEDIA WIRELESS ENTERTAINMENT (collectively, "Waat");
7    THUMBPLAY, INC. ("Thumbplay"); AT&T MOBILITY, LLC ("AT&T"); and
8    CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS ("Verizon Wireless")
9    (collectively "Defendants") (Plaintiffs and Defendants are hereinafter collectively
10   referred to as "the Parties") have requested entry of an order under Rule 26 of the
11   Federal Rules of Civil Procedure ("Federal Rules") to protect confidential information
12   during discovery and trial.  The court has determined that it is appropriate to enter
13   such an Order for that purpose.  It is therefore ORDERED as follows:

## INTRODUCTION

14
15        The Parties agree that they will discuss at Meeting of Counsel Before Final
16   Pretrial Conference pursuant to Local Rule 16-2 the issue of the use of documents at
17   trial that have been designated as confidential information pursuant to this Order, and
18   will also address this issue with this Court at the Final Pretrial Conference.

19        1.    *Applicability.*  The confidentiality provisions of this Order shall apply to
20   all deposition transcripts, productions of documents, answers to interrogatories,
21   responses to requests for admissions, and all other discovery taken pursuant to the
22   Federal Rules, as well as testimony adduced at trial, matters in evidence, and any
23   other information that a disclosing party may designate as Confidential Information or
24   Confidential – Attorneys' Eyes Only in connection with this action.

25        2.    *Third parties.*  The terms "disclosing party" and "producing party"
26   encompass not only the Parties to this action but third parties who may disclose or
27   produce information, *e.g.,* in response to a subpoena.

28

1

**DEFINITIONS**

2   3.  "*Confidential Information*" and "*Confidential – Attorneys' Eyes Only*"

3 (collectively, "*Covered Information*") means information in written, oral, electronic,

4 graphic/pictorial, audiovisual, or other form, whether it be a document, information

5 contained in a document, information revealed during a deposition, information

6 revealed in an interrogatory answer, or otherwise:

7   (a) which is designated as such by the producing party; and

8   (b) which constitutes or contains a trade secret or other confidential

9     research, development, business transactions, or commercial

10     information; and

11   (c) the disclosure of which information is likely to have the effect

12     of harming the competitive position of the producing party; or

13     the disclosure of which information would violate an obligation

14     of confidentiality to a third person, including a court.

15   4.  *Examples of Covered Information.*  In appropriate circumstances,

16 Covered Information might include, by way of example but not of limitation, trade

17 secrets, business plans, operations, research, technical or developmental information,

18 know-how or apparatus, customer lists, contact lists, supplier lists, independent

19 contractor lists, or the production, marketing, sales, shipments, purchases, transfers,

20 identification of customers, inventories, or amount or source of any income, profits,

21 losses, or expenditures of the producing party.

22   5.  *Exceptions to confidentiality status.*  Information will not be deemed

23 Covered Information, and the Parties shall use reasonable efforts to ensure that

24 information is not designated as such, if the content or substance thereof:

25   (a) is at the time of production or disclosure, or subsequently

26     becomes, through no wrongful act or failure to act on the part of

27

28

the receiving party, easily available to the public through publication or otherwise; or

(b)     is already, through no wrongful act or failure to act, in the possession of the receiving party at the time of production.

6.     *"Other law firm attorneys"* means attorneys (*i.e.,* members in good standing of the bar of the highest court of any state or of any federal district court) who are members or employees of the law firms of the outside attorneys of record for any party but who are not themselves of record and who have signed a document in substantially the form of **Exhibit A** attached hereto.

7.     *"Law Firm Personnel"* means (i) regular full- or part-time employees of the law firms of the outside attorneys of record for any party; and (ii) non-employee clerical personnel engaged by such law firms on a contract basis (*e.g.,* data clerks) who have signed a document in substantially the form of **Exhibit A** attached hereto; to whom it is necessary that the confidential information in question be disclosed for purposes of any dispute between Parties to this lawsuit.

8.     *"Outside consultants/experts"* means persons who are not employed by the receiving party and who are retained by a party or its attorneys of record in this litigation for the purpose of assisting in preparation of this litigation for trial, such as accountants, statisticians, economists, technical consultants or other technical experts, who have signed a document in substantially the form of **Exhibit A** attached hereto.

9.     *"Service bureau"*  means a company that:

(a)     is independent of the Parties, but a company will not be deemed non-independent solely because it does business, regularly or sporadically, with a party;

(b)     is engaged by counsel of record to perform clerical-type services in connection with this litigation, *e.g.,* photocopying,

imaging, computer data entry, and the like, or jury consultation services; and

(c)    has executed an undertaking to be bound by the provisions of this Order in substantially the form of **Exhibit A** attached hereto, including the specific undertaking to have its employees who have access to Covered Information sign a document in substantially the form of **Exhibit A** attached hereto agreeing not to use or disclose such information.

10.    *"Other qualified person"* means any other person (a) who is so designated (i) by order of the court after notice and an opportunity to be heard to all affected Parties, or (ii) by agreement of the producing party, and (b) who has signed a document in substantially the form of **Exhibit A** attached hereto.

11.    *"Qualified persons"* as to Confidential Information means persons who have signed a document in substantially the form of **Exhibit A** attached hereto and includes the following persons identified in this paragraph (except that the Court, court personnel and counsel of record shall not be required to sign such document):

(a)    the Court and its officers, court reporters, and court personnel;

(b)    counsel of record for any party, such as counsel for Plaintiffs, being the law firm of KEATS, McFARLAND & WILSON, LLP, located at 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212; counsel for defendants Oasys, Thumbplay, AT&T and Verizon Wireless, being the law firm of COZEN O'CONNOR with local offices located at 777 South Figueroa Street, Suite 2850, Los Angeles, CA 90017; and counsel for defendants Mandalay, Twistbox and Waat being the law firm of LOEB & LOEB LLP with local offices located at

- 4 -

10100, Suite 2200, Santa Monica Boulevard, Santa Monica, California 90067;

(c)     other law firm attorneys and law firm personnel;

(d)     in-house counsel and outside counsel specifically retained and/or consulted in connection with this action;

(e)     service bureaus, subject to the provisions of paragraph 9;

(f)     outside consultants/experts for Plaintiffs and outside consultants/experts for each Defendant, with prior notice to each producing party as detailed in paragraph 20; and

(g)     other qualified persons, as to the information they are so designated qualified, pursuant to paragraph 10.

12.     "*Qualified persons*" as to Confidential – Attorneys' Eyes Only means persons who have signed a document in substantially the form of **Exhibit A** attached hereto and includes the following persons identified in this paragraph (except that the Court, court personnel and counsel of record shall not be required to sign such document):

(a)     the Court and its officers, court reporters, and court personnel;

(b)     counsel of record for any party, such as counsel for Plaintiffs, being the law firm of KEATS, McFARLAND & WILSON, LLP, located at 9720 Wilshire Boulevard, Penthouse Suite, Beverly Hills, California 90212; counsel for defendants Oasys, Thumbplay, AT&T and Verizon Wireless, being the law firm of COZEN O'CONNOR with local offices located at 777 South Figueroa Street, Suite 2850, Los Angeles, CA 90017; and counsel for defendants Mandalay, Twistbox and Waat being the law firm of LOEB & LOEB LLP with local offices located at

- 5 -

1    10100, Suite 2200, Santa Monica Boulevard, Santa Monica,

2    California 90067;

3    (c)    other law firm attorneys and law firm personnel;

4    (d)    in-house counsel;

5    (e)    outside consultants/experts for Plaintiffs and outside

6           consultants/experts for each Defendant, with prior notice to

7           each producing party as detailed in paragraph 20; and

8    (f)    witnesses employed by the entity that produced such

9           information.

10    **DESIGNATION AND IDENTIFICATION OF INFORMATION**

11    13.    *Labeling of documents.*  Information being designated as Covered

12    Information that is in documentary or other tangible form shall be labeled by the

13    producing party, prior to its production, to reflect its designation as Confidential, or

14    Confidential – Attorneys' Eyes Only, as appropriate.  If the documents are produced

15    in the form of electronic of magnetic media, the producing source shall place a stamp,

16    label or other clear designation on the disc or tape containing the Covered

17    Information.

18    14.    *Designation of other disclosures.*  Information being designated as

19    Covered Information that is not in documentary or other tangible form, or that cannot

20    conveniently be labeled, shall be designated and/or categorized by the disclosing party

21    in a writing provided to the receiving party at the time of production.

22    15.    *Preliminary designation of documents being inspected.*  If a producing

23    party elects to produce documents and things for inspection, it need not label the

24    documents and things in advance of the initial inspection.  For purposes of the initial

25    inspection, all documents within the produced files will be considered as having been

26    marked "Confidential – Attorneys' Eyes Only."  Thereafter, on selection of specified

27    documents for copying by the inspecting party, the producing party shall mark either

28

the original documents or the copies of such documents as may contain Covered Information with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

16. *Designation not determinative.*  Designation of documents or other specified information as Covered Information by counsel, or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such.

17. *Challenges to confidentiality designations.*  A party shall not be obligated to challenge the propriety of a designation of information as Covered Information at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any party to the action disagrees at any stage of the proceedings with such a designation, that party shall provide to the producing party written notice of its disagreement.  For all such disputes, if any, the Parties shall proceed pursuant to Local Rule 37.  The burden of proving that the information has been properly designated as Covered Information is on the party making such designation.

18. *Designation of deposition testimony.*  The following procedures shall be followed if Covered Information of a producing party is discussed or disclosed in a deposition:

(a)   The producing party shall have the right to exclude from attendance at the deposition, during such time as the Covered Information is to be discussed or disclosed, any person other than the deponent, the court reporter, and qualified persons. For the avoidance of doubt, the deponent must be a qualified person who has signed a document in substantially the form of **Exhibit A** or **Exhibit B** attached hereto.

- 7 -

1     (b)    The Covered Information shall be designated as Confidential or

2             Confidential – Attorneys' Eyes Only at the request of counsel

3             for the producing party (or, if the producing party is not a party

4             to the action and is not represented at the deposition, at the

5             request of counsel for the party disclosing the information or

6             questioning the witness about it).

7     (c)    If a request under subparagraph (b) is made on the record

8             during the deposition, the reporter shall indicate on the cover

9             page of the transcript that the transcript contains Covered

10           Information and additionally shall list the pages and line

11           numbers of the transcript on which the information in question

12           is contained.  If the deposition is recorded on video, the

13           designation shall also be placed on the DVD, CD-ROM,

14           videocassette or other video recording container.  Counsel

15           retaining personnel to make the video recording shall have the

16           responsibility for ensuring their compliance with this

17           subparagraph.

18     (d)    Alternatively, a request under subparagraph (b) may be made in

19           writing within thirty (30) days after the requesting counsel

20           receives a copy of the transcript of the deposition.  During this

21           30-day period, all deposition transcripts and the information

22           contained therein shall be deemed Confidential – Attorneys'

23           Eyes Only.  The request shall contain a list of the numbers of

24           the pages and lines of the transcript that are to be designated as

25           containing Covered Information, and specific designations for

26           each item or group of items on the list.  The list shall be set

27           forth on one or more separate pieces of paper, the first one of

28

which shall bear the caption of the action and identifying information about the deposition.  The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof.

## ACCESS TO INFORMATION

19.     Access to Covered Information disclosed to a receiving party shall be limited to qualified persons except with the prior written agreement of the producing party.

20.     The following procedure shall be followed for any disclosure of information as to which prior notice to the producing party is required under paragraphs 11(f) and 12(e):

(a)     By facsimile transmission with confirmation by overnight mail, counsel for the receiving party shall (i) notify counsel to the producing party in writing of its intention to make such disclosure ten (10) court days before the intended disclosure; (ii) specify the identity and the current employment of the individual(s) to whom the proposed disclosure will be made, including a curriculum vitae of such person; (iii) identify the particular information proposed to be disclosed; (iv) specify the reasons why the proposed disclosure is believed to be necessary; (v) provide to the producing party at the time of notice under this paragraph, a document in substantially the form of **Exhibit A** or **Exhibit B** attached hereto that has been signed by the party to whom disclosure shall be made.

(b)    If the producing party makes a written objection setting forth in detail the grounds for such objection within the 10-day period and the objection is not resolved between counsel within five (5) court days thereafter, the party seeking disclosure shall not disclose the information but shall have the right to bring the dispute before the court for its resolution, **pursuant to Local Rule 37**.

(c)    If the dispute over the proposed disclosure is submitted to the Court by motion, the party objecting to disclosure of the information shall have the burden of persuasion.

21.    *Disclosure in certain circumstances.*  Nothing in this Order shall preclude any party to the lawsuit or their attorneys from disclosing or using by the disclosing party, in any manner or for any purpose, any information or documents from the disclosing party's own files that the party itself has designated as Covered Information.

22.    *Restrictions on use.*  Disclosure of information designated as Covered Information shall be solely for the purposes of resolving this lawsuit between the Parties; information so disclosed shall not be used for any other purpose.  The persons receiving the information in question are prohibited from disclosing it to any other person except in conformance with this Order.

## OTHER PROVISIONS

23.    *Inadvertent Disclosure of Covered Information.*  The inadvertent or unintentional disclosure of failure to designate documents or material as Confidential or Confidential – Attorney's Eyes Only shall not be deemed a waiver in whole or in part of a producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto.  Upon learning of an inadvertent or unintentional disclosure of Covered Information, the producing

- 10 -

party shall provide notice to the parties who have received such Covered Information as to how the information should have been designated and shall thereafter have ten (10) business days to make the appropriate designation.  During this ten-day period, the information may not be used in a manner inconsistent with such notice.   Upon receipt of properly re-designated documents, counsel for the receiving party shall, within ten (10) business days, either return to counsel for the producing party, at the producing party's expense, all versions of that information that were not so designated or certify in writing that all versions of that information including without limitation any physical or electronic copies have been destroyed.

24.   *Documents subject to the attorney-client privilege or work product immunity.*  To facilitate discovery, the Parties may make documents available for inspection by counsel for the receiving party, and such documents may inadvertently include documents subject to the attorney-client privilege, work product immunity, or both.  Neither the production for inspection of documents and things by the producing party nor the inspection of such documents and things by the receiving party shall constitute a waiver of the attorney-client privilege or work product immunity.  After inspection, the producing party may withhold documents subject to the attorney-client privilege and work product immunity provided proper identification is made on the producing party's list of such documents, and the inspecting party shall not refer to or rely on the contents of such inspected but withheld documents for any purpose, subject to further order of the Court.

25.   *Inadvertent production or disclosure of documents subject to the attorney-client privilege and/or work product immunity.*  Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or both shall not constitute a waiver of, nor a prejudice to, any claim that such documents or related material is privileged or protected by the work product immunity, provided that the producing party notifies the receiving party in

writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents and all copies thereof shall promptly be returned to the producing party upon request.  No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them.  If the Parties are unable to reach agreement within ten (10) days of such notice, the producing party may seek relief from the Court pursuant to the requirements of Local Rule 37.  The receiving party shall not disclose a document for which a claim of privilege or immunity is made pursuant to this paragraph to any person, other than those persons who had it in their possession prior to receipt of the notice from the producing party, until the expiration of the 10-day period identified in this paragraph or, if application is made to the Court, until disposition of that application by the Court.

26.   *Filing under seal.*   The Parties shall follow the filing procedures set forth in Local Rule 79.5, which provides:

> Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title

1       page of the proposed filing. Applications and Orders to Seal,

2       along with the material to be placed under seal, shall not be

3       electronically filed but shall be filed manually in the manner

4       prescribed by Local Rule 79-5. A Notice of Manual Filing

5       shall also be electronically filed identifying materials being

6       manually filed.

7       27.   *Use of information in court proceedings.*  Any receiving party that knows

8  that it intends to present Covered Information of another party in oral form at trial, or

9  during any pre- or post-trial hearing, shall first notify the Court and the producing

10  party a reasonable amount of time in advance.  Because of the policy favoring public

11  attendance at judicial proceedings, the Parties are strongly encouraged to agree on

12  procedures that will minimize the presentation of Covered Information in open court.

13  In appropriate circumstances such procedures might include, *e.g.,* submission of

14  written testimony under seal, presentation of "declassified" summaries of confidential

15  information, and the like.  The Court does not here determine which if any such

16  procedures might be suitable in particular situations.  Absent a stipulation of all

17  Parties, the fact that information has been designated as Covered Information shall not

18  be admissible during the trial of this action, nor shall the jury be advised of such

19  designation.

20       28.   *Disposition of documents, etc., after final termination*

21       (a)   Except as set forth below, within 60 days of final termination of

22       this action, the attorneys of record for each receiving party shall

23       return to each producing party or its attorneys of record, at the

24       expense of the producing party, all documents (and copies

25       thereof) and all materials (and any copies thereof) that have

26       been furnished to it by the producing party and that have been

27       identified as Covered Information pursuant to this Order.  At

28

the option of the producing party, such documents received by the receiving party may be destroyed in lieu of being returned to the producing party.  Counsel for each party must certify compliance with this subparagraph within this 60-day period.

(b)   Notwithstanding subparagraph (a), the attorneys of record for a party may maintain a set of pleadings, briefs, and similar papers filed with the Court, including all exhibits marked in discovery or at trial.  The above-described pleadings, briefs and similar papers filed with the Court and exhibits marked in discovery or at trial may be retained in confidence under the terms of this Protective Order by the outside counsel for the party.

29.   *No waiver of right or obligation to object to production.*  Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other party of the first party's obligation to make proper response to discovery requests.  The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

30.   *Third parties.*  In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order in writing to all Parties to the action with respect to any Covered Information to be provided to the requesting party by the non-party by signing a document in substantially the form of **Exhibit B** attached hereto.  When serving subpoenas on non-parties that potentially call for the disclosure of Covered Information, a copy of this order shall be included, and the subpoena shall expressly incorporate by reference the terms of this Order.

1 | 2 | 3

**This Court will not enter a protective order that extends beyond the commencement of trial.  Good cause must be shown to District Judge in advance of trial to proceed otherwise.**

4 | 5 | 6

32.    *Requests for additional protection.*  This Order shall be without prejudice to the right of the Parties to request additional protection under Fed. R. Civ. P. 26(c), for discovery requests made by any party.

7 | 8 | 9 | 10

33.    *Additional Parties.*  The terms of this Order shall be binding on all current and future parties to the litigation and their counsel.  Within ten (10) days of the entry of appearance by a new party to this litigation, plaintiffs' counsel shall serve a copy of this Order on such new party's counsel, if any.

11 | 12

**IT IS SO ORDERED.**

13 | 14 | 15

DATED: Apri 14, 2010           _____

16 | 17

HON. PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

18 | 19 | 20

**AGREED TO:**

21

Dated:  April __,  2010         By:_____

22 | 23 | 24 | 25

Konrad K. Gatien
Keats McFarland & Wilson LLP
Attorneys for Plaintiffs
MANTRA FILMS, INC. and
GGW MARKETING, LLC.

26 | 27 | 28

- 15 -

1

Dated: April __, 2010                    By:_____

2                                                Erik L. Jackson, Esquire
3                                                Camille M. Miller, Esquire
                                                 (admitted pro hac vice)
4                                                Cozen O'Connor
5                                                Attorneys for Defendants
                                                 OASYS MOBILE, INC.;
6                                                THUMBPLAY, INC.;
7                                                AT&T MOBILITY, LLC; and
                                                 VERIZON WIRELESS
8

9

10    Dated: April __, 2010                    By:_____

11                                               David W. Grace, Esquire
                                                 Loeb & Loeb, LLP
12                                               Attorneys for Defendants
13                                               MANDALAY MEDIA, INC.;
                                                 TWISTBOX ENTERTAINMENT,
14                                               INC.; and WAAT MEDIA CORP.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A:**

**UNDERTAKING PURSUANT TO AGREED**

**PROTECTIVE ORDER**

1.     I, the person named below, declare that the following information is true:

     a.     Name:

     b.     Address:

     c.     Employer name and address:

     d.     Title:

     e.     Occupation/job description:

     f.     Other work, if any (*e.g.,* consulting):

     g.     Past or present relationship to plaintiff(s) or defendant(s), if any:

     h.     I am executing this undertaking on behalf of (check all that are applicable): _____ myself _____ my employer

     i.     My employer __ is __ is not a service bureau (see paragraph 9 of the protective order (the "Protective Order") in this action.

2.     I have received a copy of the agreed Protective Order in this action.

3.     I have carefully read and understand the provisions of the Protective Order.  I agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Covered Information received under the protection of the Protective Order in violation thereof.

4.     I understand that I am to retain all copies of any of the materials that I receive that have been designated as Covered Information in a container, cabinet, drawer, room or other safe place in a matter consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am retained.  I acknowledge that such return or the

- 17 -

subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

5.      If I am executing this undertaking on behalf of my employer as indicated above, I agree on its behalf that it too will be bound by the provisions of the Protective Order and that it too will abide by the requirements set out in paragraphs 3 and 4 of this undertaking.

6.      If my employer is a service bureau as indicated above, I further agree on its behalf that it will instruct all its employees who have access to Covered Information under the Protective Order about their duty to comply with the requirements set out in paragraphs 3 and 4 of this undertaking.


EXECUTED UNDER PENALTY OF PERJURY under the laws of the United States of America on _____, 20__, at _____ in the State of _____.


_____
(Signature)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B:

## <u>THIRD PARTY AGREEMENT TO PROTECTIVE ORDER</u>

_____, as a non-party to *Mantra Films, Inc. v. Oasys Mobile, Inc. et al., U.S.D.C., Central District of California Case No. 09-4420 SJO (CTx)* (the "Civil Action"), has been asked to respond to discovery in that case pursuant to Federal Rules of Civil Procedure 26-37 and 45.

_____, considers certain information that is responsive to discovery to be confidential in nature and to fall under the description "Confidential" or "Confidential – Attorneys' Eyes Only" as defined in the Protective Order entered in the Civil Action.

_____, therefore, agrees, to the terms and conditions of the Protective Order entered in the Civil Action to appropriately protect this information from improper disclosure.

Date:_____                    _____
                                                                  Individual/Company

                                             By:   _____
                                                                  Signature

                                             Its:  _____
                                                                  Title

- 19 -